UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>D-1 SHARODNEY HARRISON,<br>D-2 SEANDREA CRAWFORD,<br>D-3 SHARRELL HARRISON,<br>D-4 SHA-RON HARRISON,<br>D-5 SHAREASE HARRISON,<br>D-6 EDWARD TAYLOR,<br>D-7 JAMES MAYFIELD,<br>D-8 FRANK JENNINGS,<br>D-9 SHARONDA GRIFFIN,<br><br>Defendants. | Case No. 21-cr-20510<br><br>Hon. Judith E. Levy<br><br>Violations: 18 U.S.C. § 1349<br>18 U.S.C. § 1028A(a)(1)<br>18 U.S.C. § 2<br><br><br>FILED USDC - CLRK DET<br>2022 OCT 25 PM3:43 |

## SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

At times relevant to this Superseding Indictment:

#### Unemployment Insurance Program

1. The Social Security Act of 1935 initiated the federal and state unemployment insurance (UI) system. The system provides benefits to individuals who are unemployed for reasons beyond their control. The purpose of the UI system is twofold: first, to lessen the effects of unemployment through cash payments made

1

directly to laid-off workers, and second, to ensure that life necessities are met on a weekly basis while the worker seeks employment. In Michigan, the UI system is administered by the Michigan Unemployment Insurance Agency (MUIA), which is part of the Michigan's Department of Labor and Economic Opportunity. Other States administer their UI programs through similar state-run agencies. Regardless of state, the U.S. Department of Labor funds each of the respective state agency's administrative costs, including salaries, office expenses, and computer equipment.

2. State unemployment systems and benefits are largely financed by taxes on private employers located in that state. When state unemployment benefits are exhausted, they may be supplemented by federal funds appropriated by the U.S. Department of Labor. At times relevant to this Superseding Indictment, the federal government was providing significant supplemental benefits to the states as a result of the COVID-19 pandemic.

3. Beginning in or about March 2020 and continuing through in or about September 2021, the Families First Coronavirus Response Act (FFCRA); Coronavirus Aid, Relief, and Economic Security (CARES) Act; and American Rescue Plan Act of 2021 (ARPA) created federal programs that allowed for the significant outlay of federal funds flowing to and through the states to offset the historic need for unemployment benefits by the American workforce, including in

the State of Michigan and in the Eastern District of Michigan. Collectively, these benefits are often referred to as Pandemic Unemployment Assistance (PUA).

4.  Normally, in the absence of fraud, an unemployed worker initiates an UI claim in person, over the telephone, or on the Internet. Currently, the overwhelming majority of UI claims are filed online through a state website. In order to be eligible for UI benefits, the worker must demonstrate a certain level of earnings in several quarters immediately preceding the application. The amount of unemployment benefits that a UI claimant might be eligible for depends on a variety of factors, including but not limited to the length of his or her previous employment and the amount of wages he or she earned.

5.  The state agency will either approve or reject a UI claim based on the application made by the unemployed worker. If the state agency approves a UI claim, the claimant is required to re-certify the claim via telephone or Internet at various times during the life of the claim. The worker must also certify that he or she is still unemployed and actively seeking work.

6.  One way in which the State of Michigan provides unemployment benefits to a claimant is through the use of a debit card. At all times relevant to this Superseding Indictment, those debit cards were issued by the Bank of America, which were mailed to the claimant through the U.S. Postal Service. The unemployment benefits were loaded onto the debit card electronically. Alternatively,

a worker would provide the state agency with a bank routing number and bank account, and Bank of America would deposit their unemployment benefits directly. In either case, additional benefits were loaded electronically by Bank of America at intervals thereafter.

7. At all times relevant to this Superseding Indictment, the Bank of America centers used to process Michigan's UI claims were located in Virginia and Texas, so claims filed in Michigan would have resulted in interstate wire transmissions from the state of Michigan to the states of Virginia or Texas to initiate payment of benefits.

8. At all times relevant to this Superseding Indictment, when a claimant using an internet protocol (IP) address registered in Michigan filed a claim with an out-of-state UI agency, the servers used to process those claims were located outside the state of Michigan. For example, a California claim filed from an IP address registered to a Michigan residence would be processed through a server located outside of the state of Michigan.

9. In an effort to prevent and otherwise inhibit fraud, the state agencies capture certain data surrounding the interaction between an individual and the UI system. Although states utilize their own unique systems, many times the data that is collected includes the dates, times, and IP address associated with a device accessing a claim. The state systems tie this information to the user-entered

information captured to facilitate the claim (i.e. name, address, social security number, Bank of America or other bank account numbers, bank routing numbers, etc.).

### The Defendants and Relevant Individuals

10. Defendant SHARODNEY HARRISON was a resident of the Eastern District of Michigan.

11. Defendant SEANDREA CRAWFORD was a resident of the Eastern District of Michigan.

12. Defendant SHARRELL HARRISON was a resident of the Eastern District of Michigan.

13. Defendant SHA-RON HARRISON was a resident of the Eastern District of Michigan.

14. Defendant SHAREASE HARRISON was a resident of the Eastern District of Michigan.

15. Defendant EDWARD TAYLOR was a resident of the Eastern District of Michigan.

16. Defendant JAMES MAYFIELD was a resident of the Eastern District of Michigan.

17. Defendant FRANK JENNINGS was a resident of the Eastern District of Michigan.

18. Defendant SHARONDA GRIFFIN was a resident of the Eastern District of Michigan.

## Purpose of the Scheme to Defraud

19. The purpose of the scheme to defraud was to obtain money by, among other things, submitting fraudulent UI claims.

## The Scheme to Defraud

20. Between on or about February 1, 2020, to on or about January 26, 2021, SHARODNEY HARRISON devised a scheme to defraud several states and the federal government by filing fraudulent UI claims using the personal information of individuals without their knowledge or consent, or who were not eligible to receive benefits, or both.

21. SHARODNEY HARRISON conspired with other individuals to assist with and participate in his scheme. Among the actions taken by those individuals to further the goals of the scheme were: (1) creating email accounts to link with UI claims; (2) submitting fraudulent UI claims; (3) re-certifying the UI claims; (4) using their telephone numbers to verify identity of the fraudulent claims; (5) creating online bank accounts in which the UI benefits were deposited; (6) collecting mail for the UI claims; and (7) collecting mail with pre-paid cards on which UI benefits had been deposited. SHARODNEY HARRISON and other members of the conspiracy shared information about filing fraudulent UI claims and worked together

to file fraudulent UI claims. In return for their assistance, SHARODNEY HARRISON would promise to pay individuals using proceeds from the fraud scheme.

22. In furtherance of the scheme, SHARODNEY HARRISON and the other individuals involved in this scheme communicated via text message and telephone.

## COUNT ONE
18 U.S.C. § 1349
*Conspiracy to Commit Wire Fraud*

D-1 SHARODNEY HARRISON,
D-2 SEANDREA CRAWFORD,
D-3 SHARRELL HARRISON,
D-4 SHA-RON HARRISON,
D-5 SHAREASE HARRISON,
D-6 EDWARD TAYLOR,
D-7 JAMES MAYFIELD,
D-8 FRANK JENNINGS,
D-9 SHARONDA GRIFFIN.

23. Paragraphs 1 through 22 of this Superseding Indictment are realleged and incorporated by reference as though fully set forth herein.

24. From on or about February 1, 2020, to on or about January 26, 2021, in the Eastern District of Michigan, and elsewhere, the defendants, SHARODNEY HARRISON, SEANDREA CRAWFORD ("CRAWFORD"), SHARRELL HARRISON, SHA-RON HARRISON, SHAREASE HARRISON, EDWARD TAYLOR ("TAYLOR"), JAMES MAYFIELD ("MAYFIELD"), FRANK

JENNINGS ("JENNINGS"), and SHARONDA GRIFFIN ("GRIFFIN"), knowingly combined, conspired, confederated, and agreed with each other and other individuals, both known and unknown to the Grand Jury, to commit wire fraud, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, said scheme including a material misrepresentation and the concealment of a material fact, and for the purpose of executing and attempting to execute the scheme to defraud, to transmit and cause to be transmitted by means of wire, radio, and television communication, writings, signals, pictures, and sounds in interstate and foreign commerce, all in violation of Title 18, United States Code, Section 1343.

### Object of the Conspiracy

25. The object of the conspiracy was the same as the purpose of the scheme to defraud set forth in Paragraph 19 of this Superseding Indictment.

### Manner and Means of the Conspiracy

26. It was part of the conspiracy that some members of the conspiracy, and others known and unknown to the grand jury, created email addresses, designed to appear to be the legitimate email address of a UI claimant, in furtherance of fraudulent claims.

27. It was part of the conspiracy that some members of the conspiracy, and others known and unknown to the grand jury, would use their own names and the names of third parties, email addresses, and other personal information, to file fraudulent UI claims, usually without the knowledge or consent of the named claimants.

28. It was part of the conspiracy that some members of the conspiracy, and others known and unknown to the grand jury, would share information with each other about how to commit UI fraud efficiently and successfully in various jurisdictions.

29. It was part of the conspiracy that SHARODNEY HARRISON, and others known and unknown to the grand jury, coordinated and arranged for HARRISON to have UI claims information and UI debit cards sent to their home or neighboring addresses.

30. It was part of the conspiracy that others known and unknown to the grand jury would then alert SHARODNEY HARRISON when UI information or UI debit cards arrived at those addresses. SHARODNEY HARRISON would then tell those individuals what to do with UI information and debit cards that they received.

31. It was part of the conspiracy that some members of the conspiracy traveled from Michigan to California from on or about August 25, 2020, to on or about September 4, 2020, to expedite the process of filing fraudulent UI claims in

California. Believing that they could have California UI claims paid more quickly if California mailing addresses were used for the UI claims, these members of the conspiracy rented an Airbnb located in Los Angeles, California, and used the address of that Airbnb and other California addresses to file fraudulent California UI claims in the days leading up to the trip, and while they were in California.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
18 U.S.C. §§ 1028A(a)(1); 2
*Aggravated Identity Theft; Aiding and Abetting*

D-1 SHARODNEY HARRISON,
D-2 SEANDREA CRAWFORD.

32. Paragraphs 1 through 31 of this Superseding Indictment are realleged and incorporated by reference.

33. Between on or about August 25, 2020 through on or about September 11, 2020, within the Eastern District of Michigan, D-1 SHARODNEY HARRISON and D-2 SEANDREA CRAWFORD, while aided and abetted by one another, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, Victim C.S., during and in relation the felony violation charged in Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT THREE
18 U.S.C. §§ 1028A(a)(1); 2
*Aggravated Identity Theft; Aiding and Abetting*

D-1 SHARODNEY HARRISON,
D-9 SHARONDA GRIFFIN.

34. Paragraphs 1 through 33 of this Superseding Indictment are realleged and incorporated by reference.

35. Between on or about May 8, 2020 through on or about July 14, 2020, within the Eastern District of Michigan, D-1 SHARODNEY HARRISON and D-9 SHARONDA GRIFFIN, while aided and abetted by one another, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, Victim S.C., during and in relation the felony violation charged in Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT FOUR
18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

D-3 SHARRELL HARRISON.

36. Paragraphs 1 through 35 of this Superseding Indictment are realleged and incorporated by reference.

37. Between on or about June 22, 2020 through on or about September 12, 2020, within the Eastern District of Michigan, D-3 SHARRELL HARRISON, did

knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, Victim S.C., during and in relation the felony violation charged in Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT FIVE
18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

D-4 SHA-RON HARRISON.

38. Paragraphs 1 through 37 of this Superseding Indictment are realleged and incorporated by reference.

39. Between on or about May 1, 2020 through on or about August 22, 2020, within the Eastern District of Michigan, D-4 SHA-RON HARRISON, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, Victim E.P., during and in relation the felony violation charged in Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT SIX
18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

D-5 SHAREASE HARRISON.

40. Paragraphs 1 through 39 of this Superseding Indictment are realleged and incorporated by reference.

41. Between on or about May 21, 2020 through on or about July 4, 2020, within the Eastern District of Michigan, D-5 SHAREASE HARRISON, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, Victim I.S., during and in relation the felony violation charged in Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT SEVEN
18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

D-6 EDWARD TAYLOR.

42. Paragraphs 1 through 41 of this Superseding Indictment are realleged and incorporated by reference.

43. Between on or about May 6, 2020 through on or about September 10, 2020, within the Eastern District of Michigan, D-6 EDWARD TAYLOR, did

knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, Victim D.R-S., during and in relation the felony violation charged in Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A(a)(1).

## COUNT EIGHT
18 U.S.C. § 1028A(a)(1)
*Aggravated Identity Theft*

D-8 FRANK JENNINGS.

44. Paragraphs 1 through 43 of this Superseding Indictment are realleged and incorporated by reference.

45. Between on or about May 8, 2020 through on or about August 5, 2020, within the Eastern District of Michigan, D-8 FRANK JENNINGS, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, Victim T.S., during and in relation the felony violation charged in Count One, Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349, knowing that the means of identification belonged to another actual person.

All in violation of 18 U.S.C. § 1028A(a)(1).

## FORFEITURE ALLEGATIONS

46. Pursuant to Fed. R. Cr. P. 32.2(a), the government hereby provides notice to the defendants of its intention to seek forfeiture of all proceeds, direct or indirect, or property traceable thereto, all property that facilitated the commission of the violations alleged, or property traceable thereto, and all property involved in, or property traceable thereto, of the violations set for in this Superseding Indictment.

47. <u>Substitute Assets</u>: If the property described above as being subject to forfeiture, as a result of any act or omission of Defendants:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property that cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

THIS IS A TRUE BILL

*s/ Grand Jury Foreperson*
Grand Jury Foreperson

DAWN N. ISON
United States Attorney


*s/ John K. Neal*
John K. Neal
Assistant United States Attorney
Chief, White Collar Crime Unit


*s/ Meghan S. Bean*
Meghan Sweeney Bean
Assistant United States Attorney


*s/ Craig Weier*
Craig Weier
Assistant United States Attorney


Dated: October 25, 2022

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover Sheet** | Case Number<br>21-cr-20510 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

FILED USDC - CLRK DET<br>2022 OCT 25 PM3:44

|  | Companion Case Number: |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | Judge Assigned: |
| ☐ Yes    ☒ No | AUSA's Initials: MSB |

**Case Title:** USA v. HARRISON, et al.

**County where offense occurred:** Wayne

**Check One:**    ☒ Felony    ☐ Misdemeanor    ☐ Petty

___Indictment/___Information --- **no** prior complaint.
___Indictment/___Information --- based upon prior complaint [Case number:                    ]
_✓_Indictment/___Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** 21-cr-20510         **Judge:** Judith E. Levy

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☒ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| * See attached for Defendant list designating defendant and their new charge(s) | 18 U.S.C. 1028A(a)(1)<br>18 U.S.C. 2 | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

October 25, 2022
Date

Meghan Sweeney Bean
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226-3277
Phone: 313-226-0214
Fax: 313-226-2372
E-Mail address: Meghan.Bean@usdoj.gov
Attorney Bar #: P80790

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, or (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

## Attachment to Criminal Cover Sheet Superseding Case Information
## Harrison, et al. 21-20510

| Defendant name | Charges |
| --- | --- |
| D-1 SHARODNEY HARRISON, | 18 U.S.C. 1028A(a)(1); 2 |
| D-2 SEANDREA CRAWFORD, | 18 U.S.C. 1028A(a)(1); 2 |
| D-3 SHARRELL HARRISON, | 18 U.S.C. 1028A(a)(1) |
| D-4 SHA-RON HARRISON, | 18 U.S.C. 1028A(a)(1) |
| D-5 SHAREASE HARRISON, | 18 U.S.C. 1028A(a)(1) |
| D-6 EDWARD TAYLOR, | 18 U.S.C. 1028A(a)(1) |
| D-7 JAMES MAYFIELD, | (no new charges) |
| D-8 FRANK JENNINGS, | 18 U.S.C. 1028A(a)(1) |
| D-9 SHARONDA GRIFFIN, | 18 U.S.C. 1028A(a)(1); 2 |